## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Katrina A. Richards,

    Plaintiff,                         Case No. 2:21-cv-4276

    v.                               Judge Michael H. Watson

Commissioner of Social Security,        Magistrate Judge Vascura

    Defendant.

### OPINION AND ORDER

Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending the Court overrule Katrina Richards's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") decision in this social security case.  R&R, ECF No. 12. Plaintiff timely objected to that recommendation.  Obj., ECF No. 13.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.  Fed. R. Civ. P. 72(b).

In her Statement of Specific Errors, Plaintiff argued that the ALJ failed to account for all of the independent medical examiner's ("Dr. Fischer") opined limitations.  Specifically, Plaintiff argued the ALJ gave persuasive weight to Dr. Fischer's opinions but failed to account for "the restriction to environments with temperatures over 68 degrees[.]"  Stmt. Specific Errors 5, ECF No. 7; *see also id.* at 6 ("However, the RFC does not contain any limitation regarding the

temperature of the work environment . . . . As the ALJ specifically stated that she was finding the opinions of these doctors persuasive, she had a duty to explain why these limitations were not included within the residual functional capacity." (citations omitted)); *id.* at 7 ("The ALJ's residual functional capacity does not account for all of the opined limitations that she credited. . . . [T]he ALJ failed to discuss at all Dr. Fischer's testimony that Ms. Richards should work in environments where the temperature is above 68 degrees.").

The R&R recommended overruling this argument because "Dr. Fischer did *not* opine that Plaintiff's work environment must be no colder than 68 degrees." R&R 6, ECF No. 12. The R&R explained why Dr. Fischer's testimony did not amount to a limitation that Plaintiff work only in environments above 68 degrees. *See id.* at 6–7.

Plaintiff now makes a different argument on objection. She points to the following exchange between Dr. Fischer and Plaintiff's attorney during Plaintiff's ALJ hearing:

> Q  Dr. Fischer, the extremes of temperatures that you think the claimant should avoid, what—is there any kind of specificity to that or as degrees go?
>
> A  No, nothing specific.  No.
>
> Q  Okay.  Would it be reasonable for me to review this record and the claimant's testimony to—she's indicated pretty specifically 68 degrees is a difficult temperature for her to function underneath.  If it's colder than that, does that sound reasonable to you?
>
> A Yes.

Atty: Okay. Okay. Thank you.

R. at 67 (PAGEID # 85). Plaintiff argues that Dr. Fischer's above testimony regarding whether Plaintiff can function appropriately at temperatures under 68 degrees Fahrenheit is, at best, unclear. Plaintiff contends that, given this ambiguous testimony, the ALJ: (1) had a duty to construe the testimony as stating there was no specific temperature that was intolerable for Plaintiff but then stating that Plaintiff could not tolerate work environments below 68 degrees (creating an internal inconsistency in Dr. Fischer's testimony) and then (2) resolve that internal inconsistency under SSR 96-8p. Obj. 3, ECF No. 3.

Plaintiff forfeited this argument by not raising it in her Statement of Specific Errors. *Martin v. Gardner*, No. 2:16-cv-451, 2016 WL 6136994, at * (S.D. Ohio Oct. 21, 2016) ("[T]he Court will not consider those arguments as they are raised for the first time in an objection to the R&R." (citing *Ward v. United States*, No. 98-1872, 208 F.3d 216, at *1 (6th Cir. 2000))). Plaintiff chose to argue originally that Dr. Fischer had opined a specific temperature limitation. It was only after the R&R correctly pointed out that Dr. Fischer did not opine that limitation that Plaintiff now argues the ALJ failed to resolve an inconsistency in Dr. Fischer's testimony.

Alternatively, Plaintiff's objection fails on the merits. Plaintiff offers no legal support for the notion that an ALJ must construe vague testimony in a manner that creates an inconsistency with the witness's earlier testimony. In fact, Plaintiff's counsel elicited the testimony of which Plaintiff now complains and

failed to clarify any statements she contends are ambiguous.  *See* R. at 67.  She cannot complain of an ambiguity which her counsel created and failed to remedy. *Cf. Russell v. Colvin*, No. 2:15-cv-88, 2016 WL 11736165, at *3 (S.D. Ohio Mar. 2, 2016) ("The court concludes that plaintiff has waived her objections to any ambiguity in the ALJ's hypothetical."), *aff'd* 670 F. App'x 388, 389 (6th Cir. 2016); *Tanner v. Comm'r of Soc. Sec.*, No. 2:20-cv-4306, 2021 WL 2700332, at *7 (S.D. Ohio July 1, 2021) ("Plaintiff has forfeited her ambiguity argument." (citing cases)), *R&R adopted* 2021 WL 3109597; *Dawkins v. Comm'r of Soc. Sec.*, No. 2:20-cv-5000, 2021 WL 3029681, at *6 (S.D. Ohio July 19, 2021) ("[E]ven if the term 'reasonable' was susceptible to multiple meanings, Plaintiff has forfeited her ambiguity argument."), *R&R adopted* 2021 WL 4033206.

For both of the above reasons, Plaintiff's objection is **OVERRULED**.  The R&R is **ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**.  The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**


_____*/s/  Michael H. Watson*_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**